# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CLIFTON MCNEIL BROOKS SR.,

      Plaintiff,

vs.                                             CASE NO. 3:08-cv-124-J-32HTS

MARY HARRIS,

      Defendant.

_____

## <u>REPORT AND RECOMMENDATION</u>[1]

This suit was filed on February 5, 2008, *see* complaint (Doc. #1), along with a request to proceed in forma pauperis. *See* Affidavit of Indigency (Doc. #2; Petition). As it did not appear a valid federal claim had been stated, the Court "determined the suit may be subject to dismissal." Order (Doc. #5; Order), entered on February 22, 2008, at 1. Accordingly, the Petition was taken under advisement and an opportunity to file an amended complaint was given. *Id.* at 4.

In certain situations, courts may allow litigants to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a). However, to

_____

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

limit the potential incentive for conducting improper litigation, the judiciary can on its own motion dismiss malicious or frivolous cases sought to be prosecuted in forma pauperis. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A frivolous suit is defined as one that "lacks an arguable basis either in law or in fact." *Id.* at 325.

Additionally, a court is to dismiss the case if it "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). Ordinarily, though, at least one opportunity to amend will be afforded "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

On March 18, 2008, an Amended Complaint (Doc. #8; Amended Complaint) was filed. Another Affidavit of Indigency (Doc. #9; Amended Petition) was filed contemporaneously. Nevertheless, allegations demonstrating entitlement to relief have not been presented. Mr. Brooks states that Defendant,[2] "claiming to be [his] grandmother[,]" took wrongful possession of his vehicle and his house, causing damage to both. Amended Complaint at 1. He

---

[2]     Defendant, Mary Harris, is apparently the mother of Plaintiff's former girlfriend, Shantell Harris. *See* Amended Complaint at 1; Exhibit E to the Complaint (Doc. #1) filed in case number 3:08-cv-123-J-32HTS.

- 2 -

asserts these claims are "based upon the equal protection clause construing the 14th Amend[ment]" and also cites "42 U.S.C.A. 1981[.]" *Id.*

The allegations contained in the Amended Complaint do not demonstrate violations of either 42 U.S.C. § 1981 or the Fourteenth Amendment. *See*, *e.g.*, *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) ("The elements of a cause of action under § 1981 are (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." (internal quotation marks omitted)); *Madry v. Sorel*, 558 F.2d 303, 304 (5th Cir. 1977) (In general, "[i]n order to set forth a cause of action under the Fourteenth Amendment, i[t] is necessary to allege that one's constitutional rights were infringed upon as a result of state action since the Fourteenth Amendment does not prevent invidious discrimination by private parties." (internal quotation marks omitted)).

Finally, as the Court previously observed, *see* Order, the allegations arising from the purported misappropriation of Plaintiff's property are not cognizable under federal law. *See*, *e.g.*, *Szeklinski v. Neary*, No. 07-C-222, 2007 WL 777539, at *2 (E.D. Wis. Mar. 12, 2007) (indicating theft and conversion are state law claims over which court lacks subject matter

jurisdiction); *Abrams v. Olin Corp.*, Civil Action No. 07-0622-WS-B, --- F.R.D. ----, 2007 WL 4189507, at *1 (S.D. Ala. Nov. 21, 2007) (stating trespass is an "exclusively state-law cause[] of action").

For the foregoing reasons, it is recommended the Amended Petition (Doc. #9) be **DENIED** and this case **DISMISSED** pursuant to 28 U.S.C. § 1915 without prejudice to the filing of a prepaid complaint.

**DONE AND ENTERED** at Jacksonville, Florida, this 27th day of March, 2008.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record and
      pro se parties, if any